**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 13-00033 |
| Plaintiff, | |
| vs. | **ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE** |
| JULIAN GERALD BORJA ROBLES, | |
| Defendant. | |

This matter is before the court on Defendant's amended motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. ECF No. 167. Defendant was sentenced to 240 months' imprisonment with three years of supervised release after pleading guilty to conspiring to distribute methamphetamine, conspiring to launder proceeds, and possessing firearms and ammunitions as a felon. Defendant challenges his convictions by asserting his attorney ineffectively represented him by failing to raise certain arguments during his sentencing hearing. The court finds oral argument unnecessary to rule on the motion.

To prove ineffective assistance of counsel, Defendant must show his attorney's performance was deficient and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, Defendant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [] by the

Sixth Amendment." *Id.* To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 694. The court may reject a claim for ineffective assistance of counsel for the failure to show either of these components. *Id.* at 697.

Defendant first challenges his criminal history category calculation. Here, the assigned probation officer added two points to Defendant's criminal history under U.S.S.G. §4A1.1(d), which imposes an additional two points if the defendant "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The application notes for §4A1.1(d) state that "any part of the instant offense" means "any relevant conduct" to the offense. As the presentence report establishes, Defendant was on probation from 2003 until 2011. ECF No. 162 at ¶¶ 146-47. Here, the plea agreement establishes that Defendant began purchasing drugs in 2009, well before his term of probation ended. ECF No. 35 at 4. Consequently, the court finds that Defendant's counsel did not commit an error by failing to challenge his criminal history category on this basis.

Defendant also challenges the four-level addition to his offense level for being a leader or organizer. The probation officer recommended, and the court imposed, a four-level increase under U.S.S.G. §3B1.1(a), which applies if the defendant's role in the offense was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Defendant argues this was inappropriately applied to him because the indictment does not list any of his co-conspirators, and that his attorney failed to bring this to the court's attention. Here, the plea agreement establishes that the criminal offense included nearly 100 participants that Defendant used to conduct his drug trafficking enterprise. ECF No. 35 at 5. Consequently, the court finds that Defendant's counsel did not commit an error by failing to

challenge this level enhancement during his sentencing hearing.

Defendant also challenges the drug quantity for which he was sentenced and his possession of his gun. Explicitly, the plea agreement details the amount of drugs Defendant distributed as well as the fact that he possessed a firearm. ECF No. 35 at 3-5. Consequently, the court finds that Defendant's counsel did not commit an error by failing to challenge these portions of the plea agreement.

In short, Defendant's arguments directly contradict undisputed facts in the plea agreement, and thus Defendant's attorney did not err by failing to contest them during sentencing. Furthermore, the defendant must show "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668, 694 (1984). Considering the stipulated facts in the plea agreement, even if Defense counsel had raised Defendant's arguments, they would have been futile and would not have resulted in a different outcome.[1]

Defendant's motion to vacate, vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel is **DENIED.**

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
　　**Chief Judge**
**Dated: Aug 24, 2021**

---

[1] The court also notes that after Defense counsel's presentation at sentencing, the court granted Defendant a significant downward variance from the applicable sentencing guideline range of thirty years to life. ECF No. 160.